UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RED DOT BUILDINGS | CIVIL ACTION |
| VERSUS | NO: 11-1142 |
| JACOBS TECHNOLOGY, INC., ET AL. | SECTION: J(5) |

**ORDER AND REASONS**

Before the Court are Defendants' Motion to Exclude the Supplemental Expert Report of Ronny Coble,[1] and in the Alternative, to Continue Trial and Re-Open Discovery **(Rec. Doc. 51)**, Plaintiff's Memorandum in Opposition to same **(Rec. Doc. 52)**, Defendants' Reply Memorandum **(Rec. Doc. 59)**, and Plaintiff's Sur-Reply Memorandum **(Rec. Doc. 65)**. The motion is before the Court on supporting memoranda and without oral argument, with the trial of this matter currently scheduled to commence on June 18, 2012.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This lawsuit arises out of a dispute between a sub-contractor and a supplier over a contract to purchase certain

---

[1] Defendants' motion refers to Coble as "Ronnie Coble," but his expert report indicates that the correct spelling of his name is "Ronny Coble." See Rec. Doc. 51-3.

1

architectural materials for a government-funded construction project.  On or about February 25, 2010, Defendant Broadmoor, LLC ("Broadmoor") executed a written Purchase Order with Plaintiff Red Dot Buildings ("Red Dot"), under which Red Dot agreed to supply all girts and associated girt connection bolts for a construction project ("the Project") at the NASA Michoud Assembly Facility located in New Orleans East.  During the course of the Project, Broadmoor discovered that the topcoat paint applied to the girts had failed to adhere.  Broadmoor alleges that Red Dot provided incorrect information regarding the primer applied to the girts, and accordingly, it refused to pay the balance due under the contract.  Red Dot's position on the issue is that the paint failed to adhere because Broadmoor and its painters failed to sand the steel girts before painting them.

On or about May 13, 2011, Red Dot filed suit under the Miller Act in this Court, naming as Defendants Broadmoor, Jacobs Technology, Inc., Fidelity Company of Maryland, and Zurich American Insurance Company (collectively, "Defendants"), seeking to recover the balance it contends is owed under the purchase contract.[2]  Defendants answered, denying the allegations against them, claiming the defense of set-off, and additionally asserting a counterclaim to recover the additional costs they incurred to repaint the girts, as well as attorneys' fees and costs.

---

[2] Complaint, Rec. Doc. 1.

Under this Court's scheduling order, which was issued October 27, 2011, the deadlines for the disclosure of expert reports were February 24, 2012 for Red Dot, and March 26, 2012 for Defendants.[3] On February 23, 2012, Red Dot requested, and Defendants agreed, to extend the aforementioned deadlines. According to the parties' agreement, Red Dot's expert reports would be due on March 9, 2012, and Defendants' expert reports due a month later on April 9, 2012. The parties then filed a joint motion requesting that the Court's scheduling order be modified to reflect these agreed-upon deadlines, which the Court granted.[4]

On March 9, 2012, Red Dot's counsel produced an expert by Ronny Coble of Gillespie Coatings, Inc. After reviewing the report, Defendants' counsel sought to depose Coble, but Red Dot's counsel indicated that the earliest date Coble was available to be deposed was April 23, 2012. Defendants' counsel then requested, and Red Dot's counsel agreed, to informally extend the expert report deadline for Defendants to April 13, 2012. Red Dot's counsel, in turn, requested that the discovery cut-off deadline be informally extended from April 24, 2012 to April 30, 2012, in order to allow additional time to depose Defendants' experts.

---

[3] Rec. Doc. 32. The scheduling order also provided a discovery cut-off deadline of April 24, 2012. Id.

[4] See Rec. Doc. 38; 39.

3

On April 20, 2012, counsel for Red Dot informed Defendants that the deposition of Ronny Coble would need to be rescheduled because of a scheduling conflict, at which time the parties agreed to conduct the deposition on the afternoon of May 1, 2012. Subsequently, during his May 1 deposition, Plaintiff's counsel reportedly identified and produced an additional, supplemental expert report from Coble. The supplemental report, which is dated April 27, 2012, recounts the results of several adhesion tests to evaluate the "adhesion performance" of several previously painted girts, presumably in an effort to show that the defects at issue in this case would not have arisen had Broadmoor properly sanded the girts before painting them. Shortly thereafter, Defendants filed the instant motion seeking to exclude this report, and in the alternative, requesting that the trial of this matter be continued and discovery re-opened.

**PARTIES' ARGUMENTS**

Defendants argue that Coble's supplemental report should be excluded as untimely, as it was submitted nearly two months after the deadline for Red Dot to submit its expert reports established by this Court's amended scheduling order. Defendants submit that Red Dot simply has no justifiable basis as to why the adhesion tests informing the supplemental report could not have been performed in sufficient time to allow Coble to form an opinion prior to the expert deadline. They argue that, if Coble's

4

supplemental report is allowed to stand, it would severely prejudice their case.  As Defendants explain, they elected not to retain a rebuttal expert based on their review of the contents of Coble's initial expert report and are now prohibited under the Court's scheduling order from retaining an expert to counter the additional opinions disclosed in the supplemental report.  Accordingly, it requests that the report be excluded and Coble prohibited from testifying as to any of the opinions or information expressed therein.  Alternatively, should the Court deem exclusion improper, Defendants request that the trial of this matter be continued and discovery re-opened in order to permit them to retain an expert to respond to the supplemental report.

In response, Red Dot first contends that Coble's supplemental report was timely disclosed under Rule 26.  It argues that a supplemental report containing additional support for an expert's prior opinions can be disclosed even after the deadline for disclosing expert reports has passed, provided that the information underlying the supplemental report was unavailable prior to the deadline's expiration.  In the instant case, Red Dot explains that Coble's supplemental report should be admitted because the information contained therein was not available prior to expiration of the deadline for expert reports, as the adhesion tests were not completed until April 27, 2012.

Alternatively, even if the supplemental report was untimely, Red Dot argues that its failure to disclose the information earlier was both substantially justified and harmless, and therefore excusable pursuant to Rule 37. In particular, Red Dot maintains that its late disclosure was substantially justified (1) because Coble did not have the opportunity to conduct the test prior to this date, and (2) because at the time that his original report was filed, Red Dot was unaware that Defendants were alleging that they had, in fact, sanded the girts at issue in this case. It further argues that any late disclosure was harmless because the evidence in Coble's supplemental report is relatively important to its case, and because there is little prejudice to Defendants in permitting this evidence to be introduced at trial. Accordingly, it submits that Defendants' request to exclude Coble's report, limit his testimony, and to continue the trial be denied.

**DISCUSSION**

Collectively, the provisions of Rule 26 of the Federal Rules of Civil Procedure require parties to disclose the identity of their expert witnesses, as well as those experts' reports in accordance with the deadlines established by the Court's scheduling order. See FED. R. CIV. P. 26(a)(2) (requiring disclosure of identity and written reports of expert witnesses); FED. R. CIV. P. 26(a)(3)(B) (providing default deadlines for

expert disclosures that apply "[u]nless the court orders otherwise"). Supplementation of an expert report is permitted, but "[a]ny additions or changes to [the] information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). Because Rule 26(a)(3) requires that disclosure be made at the time ordered by the Court, the relevant deadline for supplementation of Red Dot's expert witness disclosures was March 9, 2012, as provided by the Court's amended scheduling order.[5]

The failure to meet a court-ordered deadline for supplementing an expert report is no trifling matter. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Exclusion of the evidence is mandatory and automatic unless the party demonstrates substantial justification or harmlessness. See Caskey v. Man Roland, Inc., 83 F.3d 418 (5th Cir. 1996) (district court abused its discretion in failing to invoke mandatory exclusion sanction of Rule 37(c)(1)). In the instant case, because Red Dot failed to disclose Coble's supplemental report before the March 9, 2012 deadline elapsed, both the report and

---

[5] Rec. Doc. 39.

7

any associated trial testimony must therefore be excluded absent a showing that this failure was either "substantially justified" or "harmless."[6]

In its opposition, Red Dot argues that its failure to comply with the Court's scheduling order was substantially justified because it was previously unaware that Defendants had actually sanded the girts prior to painting, and that Coble did not "have the opportunity" to conduct the adhesion tests prior to the deadline.[7] As a preliminary matter, the Court is dubious that Red Dot had no inclination that Defendants' position was that the girts were, in fact, sanded before they were painted. As Defendants point out, counsel for Red Dot previously met with Gary Buie, the representative of Broadmoor's painting subcontractor, at which time Buie reportedly informed her that the surface had been sanded before painting.[8] Defendants report, and Red Dot does not appear to dispute, that this meeting occurred in February 2012, in advance of the amended expert

---

[6] Exclusion is additionally appropriate under Rule 16(b), which authorizes district courts to control and expedite the pretrial discovery process through a scheduling order, and which grants "broad discretion to preserve the integrity and purpose of the pretrial order," including by means of exclusion of evidence. Geiserman v. MacDonald, 893 F.2d 787, 790 (5th Cir. 1990) (citations omitted).

[7] See Plaintiff's Memorandum in Opposition, Rec. Doc. 52, p. 13.

[8] See Rec. Doc. 59-2,

8

deadline.

Furthermore, even if Red Dot was previously unaware of Defendants' position, the evidence shows that the supplemental report was not disclosed timely because of Red Dot's failure to provide Coble the materials necessary to conduct the adhesion tests before the expert deadline expired, and not because it lacked the information necessary to conduct the tests. In his May 1, 2012 deposition, Coble acknowledges (1) that he had planned, at Red Dot's request, to perform the adhesion tests prior to issuing his original expert report on March 9, 2012; (2) that the reason the tests were not conducted before he issued his initial expert report on March 9 was because Red Dot had not furnished him the paint necessary to perform the tests; and (3) that he had requested the paint from Red Dot prior to the deadline for submitting his expert report.[9] Thus, while Red Dot is technically correct that Coble "did not have the opportunity" to conduct the tests before March 9, this was due to Red Dot's unexplained failure to provide him the proper test paint, which clearly does not justify the untimeliness of the disclosure.

The courts of this circuit have routinely found substantial justification lacking in similar circumstances. See, e.g., Beasley v. U.S. Welding Svc., Inc., 129 F. App'x. 901, 902 (5th

---

[9] See Excerpts of Deposition of Ronny Coble, Rec. Doc. 59-1, pp. 2-3.

Cir. 2005) (unpublished opinions) (affirming exclusion of expert testimony where plaintiff "offer[ed] no reasonable explanation for failing to provide the expert report timely"); Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc., 73 F.3d 546, 571 (5th Cir. 1996) (affirming district court's exclusion of untimely supplemental expert report and noting that the purpose of a supplemental expert report is not to provide an extension of the deadline for expert disclosures); Phillips v. Gen. Motors Corp., No. 99-3423, 2000 WL 1285380, at *5 (E.D. La. Sept. 12, 2000) (court rejected defendant's "belated explanation" for its untimely supplemental expert report, where expert conducted additional tests after the expert deadline elapsed but defendant never sought leave to conduct tests or submit reports after deadline); Simmons v. Johnson, No. 06-325, 2008 WL 474203, at *2 (M.D. La. Feb. 14, 2008) (no substantial justification found where the information available at time of original expert report was essentially "the same as the information . . . available at the time he issued his supplemental report"); Cleave v. Renal Care Grp., Inc., No. 04-161, 2005 WL 1629750, at *1 (N.D. Miss. July 11, 2005) (excluding supplemental expert affidavit produced in response to summary judgment motion where party "failed to identify any new records or information" which would prompt new opinions from the expert); Avance v. Kerr-McGee Chem. LLC, No. 04-209, 2006 WL 3484246, at *7 (E.D. Tex. Nov. 30, 2006)

(excluding untimely revisions to expert reports and explaining that "parties do not have infinite time to supplement their expert opinions with new information to respond to challenges to their experts' original evidence").

The Court additionally finds that the introduction of Coble's supplemental report would not be "harmless." In evaluating whether a party's failure to disclose is harmless, a court looks to four factors: (1) the explanation for the party's failure to disclose; (2) the potential prejudice to the opposing party if the evidence is allowed; (3) the availability of a continuance to cure such prejudice; and (4) the importance of the evidence. See CQ, Inc. v. TXU Mining Co., L.P., 565 F.3d 268, 280 (5th Cir. 2009).

Here, as discussed above, Red Dot has offered no reasonable explanation for its failure to timely disclose Coble's supplemental report, and thus, the first factor weighs in favor of exclusion. With respect to the second factor, the Court finds that permitting Red Dot to use this evidence would unfairly prejudice Defendants' case, and thus this factor additionally militates towards excluding the report. The purpose of requiring disclosure of expert reports is to notify opposing parties of the scope and content of the expert's proposed testimony. Matthews v. Allstate Ins. Co., 731 F. Supp. 2d 552, 559 (E.D. La. 2010). Here, Defendants aver that they deliberately chose not to retain

their own expert based largely on their evaluation of Coble's initial expert report. The deadline for Defendants to retain such an expert has now passed, which is sufficient to demonstrate prejudice. See Simmons, 2008 WL 474203 (untimely disclosure of supplemental expert report was not "harmless" where deadline for party to retain expert to address topics in untimely report had already expired). Although a continuance of the trial of this matter could partially alleviate this prejudice, Red Dot vigorously opposes such a continuance, and as the Fifth Circuit has recognized, delaying a trial is "never . . . ideal." Rushing v. Kan. City S. Ry. Co., 185 F.3d 496, 507 (5th Cir. 1990), superseded by statute on other grounds, as noted in Mathis v. Exxon Corp., 302 F.3d 448, 459 n.16 (5th Cir. 2002). Furthermore, to grant a continuance would effectively countenance Red Dot's failure to comply with the scheduling order deadlines, which is behavior this Court is not eager to encourage. See Phillips, 2000 WL 1285380, at *5 ("[T]he Court refuses to countenance a continuance due to defendant's decision not to perform its tests in a timely fashion.").

Finally, even if the results of the adhesion tests are somewhat important to Red Dot's cause, as it suggests, the importance of the tests "cannot singularly override the enforcement of local rules and scheduling orders." Rushing, 185 F.3d at 509 (quoting Geiserman, 893 F.2d at 792). Additionally,

the importance of the test results is outweighed by the fact that Red Dot could have simply performed the tests before the deadline.  If that proved infeasible, Red Dot was not without recourse – it could have easily filed a motion seeking leave to conduct them later.  Accordingly, because the Court finds that the untimely disclosure of Coble's supplemental report was neither "substantially justified" nor "harmless," Defendants' motion will be granted, and Coble's supplemental report will be excluded, limiting his testimony and opinions to those set forth in his initial expert report produced on March 9, 2012.

## CONCLUSION

Accordingly, for all the reasons expressed above, **IT IS ORDERED** that Defendants' Motion to Exclude the Supplemental Expert Report of Ronny Coble **(Rec. Doc. 51)** is hereby **GRANTED**.

New Orleans, Louisiana this 7th day of June, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT COURT